UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ELIZABETH DEAN; AMBER GILCHRIST; MELANIE HICKMAN; LATRICIA MCGEE; MARK PARKER; MARIA WARD; CURTIS WARDWELL; and ALANNAH WILSON, <br><br>  Plaintiffs, <br><br> v. <br><br> DRAUGHONS JUNIOR COLLEGE, INC. d/b/a DAYMAR INSTITUTE; DAYMAR HOLDINGS, INC.; DAYMAR PROPERTIES OF CLARKSVILLE, LLC; DAYMAR PROPERTIES OF MURFREESBORO, LLC; DAYMAR PROPERTIES OF NASHVILLE, LLC; DAYMAR COLLEGES GROUP, LLC.; MARK A. GABIS; and UNKNOWN DEFENDANTS, <br><br>  Defendants. | Case No. 3:12-cv-0157 <br> Judge Aleta A. Trauger |

## MEMORANDUM AND ORDER

Pending before the court is the defendants' Motion to Compel Arbitration and Dismiss or Stay (Docket No. 12). In a previous opinion, the court concluded that the plaintiffs had articulated a threshold challenge to the delegation provision contained in the Student Enrollment Agreements at issue. (Docket No. 52.) The court accordingly ordered the parties to submit affidavits relating to the issue of cost-prohibitiveness. (Docket No. 53.) The plaintiffs filed affidavits on behalf of seven of the eight named plaintiffs, but did not file an affidavit on behalf of plaintiff Mark Parker "due to his being called out on military assignment." (Docket No. 66.)

The court cannot make a determination as to cost-prohibitiveness without information specific to Mr. Parker. However, if Mr. Parker is in fact on military duty, his inability to provide

1

an affidavit within the short time frame previously ordered by the court is understandable.

On its own motion, or based upon an appropriate application, a court may stay proceedings relative to an active duty military officer who has appeared as a plaintiff in a civil action, and the stay must be no less than 90 days. *See* Servicemembers Civil Relief Act ("SCRA"), 50 App. U.S.C.A. § 522 (2012). This court is obligated to construe the SCRA liberally to effectuate its purpose, *Royster v. Lederle*, 128 F.2d 197, 200 (6th Cir. 1942), and federal courts have granted stays on their own motion and/or have relaxed the SCRA requirements based on an appropriate showing.[1] Furthermore, the court always retains the general power to control its own docket, including the power to stay proceedings under appropriate circumstances. *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936).

Accordingly, the court requires additional information regarding the representation from plaintiffs' counsel that Mr. Parker is on active military duty. By Monday, October 29, 2012, plaintiffs' counsel shall provide the court with further information supporting and describing Mr. Parker's alleged military status, explaining why plaintiffs' counsel has been unable to obtain the

---

[1] *See, e.g.*, *Hoi Dang v. McMinn Cnty.*, No. 3:08-cv-70, 2010 WL 419960, at *1 (E.D. Tenn. Jan. 29, 2010) (granting stay under § 522, despite servicemember's failure to comply with technical requirements, because "[t]he purpose of the act is to protect the rights of those serving in the military, and courts should not deny motions for failing to comply with procedural technicalities"); *Keane v. McMullen*, No. C 07-04894 SBA, 2009 WL 331455, at *3 (N.D. Okla. Feb. 11, 2009) (granting stay despite failure to comply with § 522 technical requirements, because "[n]ot only does the court have the inherent power to control its own docket, the SCRA provides the Court may grant a stay on its motion, when a servicemember is a party to the suit, and their [sic] absence would materially prejudice its prosecution"); *United States v. Smith*, No. CIV-04-859-C, 2006 WL 2338267, at *1 (W.D. Okla. Aug. 10, 2006) (granting stay on its own motion under § 522, even where service member's motion under § 521 did not comply with § 522 requirements).

2

necessary affidavit from Mr. Parker, and informing the court as to when it may be practicable to obtain that affidavit. Based on this showing, the court will consider whether, on its motion, a stay of proceedings is warranted with respect to Mr. Parker – and for how long.

To be clear, the court is not inviting the plaintiffs to request a stay relative to Mr. Parker that is any longer than necessary to resolve the pending motion.

It is so **ORDERED.**

Enter this 25th day of October 2012.

_____
ALETA A. TRAUGER
United States District Judge