UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ELIZABETH DEAN; AMBER GILCHRIST; MELANIE HICKMAN; LATRICIA MCGEE; MARK PARKER; MARIA WARD; CURTIS WARDWELL; and ALANNAH WILSON, <br><br> Plaintiffs, <br><br> v. <br><br> DRAUGHONS JUNIOR COLLEGE, INC. d/b/a DAYMAR INSTITUTE; DAYMAR HOLDINGS, INC.; DAYMAR PROPERTIES OF CLARKSVILLE, LLC; DAYMAR PROPERTIES OF MURFREESBORO, LLC; DAYMAR PROPERTIES OF NASHVILLE, LLC; DAYMAR COLLEGES GROUP, LLC.; MARK A. GABIS; and UNKNOWN DEFENDANTS, <br><br> Defendants. | Case No. 3:12-cv-0157 <br> Judge Aleta A. Trauger |

**ORDER**

On November 5, 2012, this court issued an order denying the defendants' Motion to Compel Arbitration (Docket No. 75). On December 3, 2012, the defendants filed a Motion to Alter or Amend pursuant to Fed. R. Civ. P. 59(e) ("Rule 59 Motion"), arguing that the court should reconsider that Order and compel the plaintiffs to arbitrate their claims. On December 5, 2012, while the Rule 59 Motion was pending, the defendants filed a Notice of Appeal to the Sixth Circuit pursuant to § 16 of the Federal Arbitration Act (Docket No. 84). *See* 9 U.S.C. § 16(a)(1) (2012). Thereafter, the defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12 ("Rule 12 Motion") and a Motion to Strike Class Allegations pursuant to Fed. R. Civ. 23(d)(1)(D) ("Rule 23 Motion"). The plaintiffs have filed a Response in opposition to the Rule

1

59 Motion (Docket No. 89) and a Motion for Discovery Order and to Hold Dispositive Motions in Abeyance or to Strike Pleadings and Exhibits (Docket No. 88) ("Motion for Discovery and to Strike Exhibits"), to which the defendants have filed a Response in opposition (Docket No. 90).

In their Motion for Discovery and to Strike Exhibits, the plaintiffs argue that the court should (1) strike all exhibits to the defendants' pending motions, (2) find that the defendants' Notice of Appeal divested this court of jurisdiction over the defendants' Rule 12 and Rule 23 motions, and/or (3) treat the Rule 12 and Rule 23 motions as motions for summary judgment pursuant to Fed. R. Civ. 56 and, therefore, grant the plaintiffs leave to conduct full discovery before they are obligated to respond to those motions.

As an initial matter, under Fed. R. App. P. 4(a)(4)(B)(i), this court retains jurisdiction over this case pending resolution of the Rule 59 Motion, notwithstanding the filing of a Notice of Appeal.[1]  Once the court rules on the Rule 59 Motion, the remaining relief sought by the plaintiffs here will presumably be moot.  That is, if the court grants the Rule 59 motion and compels the plaintiffs to arbitrate, the court will be divested of jurisdiction in favor of the arbitral forum; on the other hand, if the court denies the Rule 59 motion, the defendants' Notice of Appeal takes effect and the Sixth Circuit assumes jurisdiction of the case.  Thus, under either scenario, it appears that this court will not have jurisdiction to address the pending Rule 12 and Rule 23 Motions in the first place.

Accordingly, the court will deny the plaintiffs' request for discovery and to strike the

---

[1] Indeed, in a letter to the parties following the defendants' Notice of Appeal, the Sixth Circuit expressly acknowledged that it would not have jurisdiction over the case until this court ruled on the pending motion "identified under Fed. R. App. 4(a)(4)" – *i.e.*, the pending Rule 59 motion.  (Docket No. 85.)

exhibits attached to the Rule 12 and Rule 23 Motions.[2] By the same token, the plaintiffs need not file any responses to the pending Rule 12 and Rule 23 Motions at this stage.

With respect to unspecified "evidentiary exhibits" attached to the Rule 59 motion, the plaintiffs have not articulated any viable grounds for striking those exhibits.

Accordingly, the court hereby finds as follows:

- The plaintiffs' Motion for Discovery and to Strike Exhibits (Docket No. 88) is **DENIED**; and

- The plaintiffs' obligation to respond to the defendants' Rule 12 Motion (Docket No. 86) and Rule 23 Motion (Docket No. 87) is expressly **STAYED** pending further court order.

It is so **ORDERED**.

Enter this 3rd day of January 2013.

_____
ALETA A. TRAUGER
United States District Judge

---

[2] Even if the court were to consider the Rule 12 and Rule 23 Motions, the court likely would not strike the exhibits attached thereto or convert the motions into Rule 56 motions. The Rule 12 Motion attaches 17 exhibits, 16 of which are judicial opinions, the last of which includes copies of contracts with each plaintiff that effectively were incorporated by reference in the Complaint. The Rule 23 Motion attaches 7 exhibits, all of which are judicial opinions.